UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61964-CIV-COHN/WHITE
(CASE NO. 10-60040-CR-JORDAN)

LORENZO SCARBORO,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

### ORDER ADOPTING REPORT OF UNITED STATES MAGISTRATE JUDGE AND CLOSING CASE

**THIS CAUSE** is before the Court upon the Report of Magistrate Judge Following Evidentiary Hearing [DE 22] ("Report"), prepared by United States Magistrate Judge Patrick A. White.  The Court notes that Petitioner Lorenzo Scarboro has not filed any objections to the Report, and the time for doing so has passed.  Even though no timely objections were filed, the Court has conducted a *de novo* review of the Report, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 1] ("Motion"), the record in this case, and is otherwise fully advised in the premises.

On April 5, 2010, Petitioner pled guilty to fourteen counts of possession with the intent to distribute cocaine and crack cocaine, as well as conspiracy to distribute. See United States v. Scarboro, Case No. 10-60040-CR-AJ-2, 16 (filed Feb. 9, 2010) (plea agreement) [DE-CR 30] ¶¶ 1-2.  On August 20, 2010, the Court sentenced him to

eight years in prison.  In the instant Motion, Petitioner challenges the validity of his plea and his sentence, raising the following claims:

1. Counsel was ineffective for failure to object to Petitioner's career offender status, based on the unconstitutionality of Florida Statutes § 893.13, after Petitioner asked counsel to do so.

2. Counsel was ineffective for failure to object to the career offender enhancement where the prior charges of cocaine delivery were unconstitutionally obtained.

3. Counsel was ineffective for failure to object to paragraphs 36, 38, 42, 44, 45, 49, and 50 of the pre-sentence report where affidavits and police reports were relied upon to establish Petitioner's criminal history.

4. Counsel was ineffective for failure to notice a direct appeal after Petitioner made several requests for counsel to do so.

5. This Court erroneously added two points based upon the Recency Act, because Petitioner had not committed the instant offenses less than two years from release and the Sentencing Commission had amended the Guidelines, eliminating criminal history points based on "recency."

6. Counsel was ineffective for failure to object to the amount of drugs Petitioner was held accountable for under U.S.S.G. § 2D1, where the drug transactions were not in furtherance of the conspiracy and were, therefore, not relevant conduct pursuant to U.S.S.G. § 1B1.3.

7. Counsel was ineffective for failure to properly explain to Petitioner the consequences of his guilty plea.

Petitioner voluntarily withdrew Claim 4 at the September 11, 2012, evidentiary hearing held by Judge White.  See Report at 17.  However, Petitioner represented that he wished to proceed on his remaining claims.  See id.  Judge White recommends denying the Motion because several of Petitioner's claims are procedurally barred, and his remaining claims are without merit.  As discussed below, the Court agrees and will deny the Motion.

2

As a general rule, claims not raised on direct appeal may not be raised on collateral review.  See Massaro v. United States, 538 U.S. 500, 504 (2003).  In this case, Petitioner did not file a direct appeal because he signed a plea agreement in which he waived his right to appeal.  Petitioner's Claims 1, 2, 3, and 6 are related to ineffective assistance of counsel during sentencing.  While ineffective assistance claims are not barred by procedural default, "a valid sentence-appeal waiver, entered into voluntarily and knowingly pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing."  Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005).  Because Petitioner represented at his change of plea proceedings that he voluntarily entered into the plea agreement, the Court agrees with Judge White that Petitioner's Claims 1, 2, 3, and 6 are procedurally barred.  See Tr. of Plea Colloquy [DE-CR 69] at 16.

The Court also concurs with Judge White's recommendation that Claim 5 be dismissed on the merits.  That claim, alleging the misapplication of the Recency Act, fails because the Sentencing Commission did not eliminate criminal history points based on recency until after Petitioner was sentenced.  See U.S. Sentencing Commission, Guidelines Manual, Supp. to Appendix C, Amendment 742, pp. 354-56 (Nov. 1, 2010) (amending § 4A1.1(e)).  Amendment 742 has not been made retroactive, and is therefore not applicable to Petitioner's sentencing.  See United States v. Gonzales-Molina, 409 F. App'x 751 (5th Cir. 2011).

Further, the Court agrees that Claim 7 fails because Petitioner was in fact informed of the consequences of his plea.  He told the Court during the plea colloquy

that he had read, understood, and executed the written plea agreement.  See Tr. of Plea Colloquy at 16.  A defendant's sworn statements made during plea colloquy are presumed true.  See Blackledge v. Allison, 431 U.S. 63, 74 (1977).  Additionally, the Court reviewed the plea agreement with Scarboro and advised him of its consequences during the plea colloquy, curing any prejudice caused by counsel's alleged deficiencies.  See Tr. of Plea Colloquy at 8-23; United States v. Wilson, 245 F. App'x 10, 11-12 (11th Cir. 2007) (finding that defense counsel's deficiency would not establish prejudice if the court cured the deficiency during plea colloquy).  Accordingly, Claim 7 will be denied.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Report of Magistrate Judge Following Evidentiary Hearing [DE 22] is hereby **ADOPTED**;

2. The Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [DE 1] is hereby **DENIED**;

3. The Clerk may **CLOSE** this case and **DENY** all pending motions as **MOOT**; and

4. Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, Petitioner is hereby **DENIED** a certificate of appealability because Petitioner has not shown that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court notes that pursuant to Rule

22(b)(1) of the Federal rules of Appellate Procedure, Petitioner may request a certificate of appealability from the Eleventh Circuit.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 24th day of October, 2012.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF